ATLANTIC COAST LINE R. CO. v. PENN-
SYLVANIA R. CO. et al.

POWELL et al. v. SAME.

TAVARES & G. R. CO. v. SAME.
Nos. 8609, 8989, 8999.

District Court, E. D. Pennsylvania.
Nov. 13, 1935.

See, also (D.C.) 12 F.Supp. 720.

Henry S. Drinker, Jr. (of Drinker, Biddle & Reath), of Philadelphia, Pa., for plaintiffs.

John Hampton Barnes (of Barnes, Biddle & Myers), of Philadelphia, Pa., for defendants.

DICKINSON, District Judge.

These cases, for some reason, have escaped attention. We renew our oft-repeated invitation to counsel to call our attention to overlooked cases.

The motions have been very elaborately discussed. It is really a rediscussion. We can follow and could accept the arguments addressed to us by the experienced counsel for defendants, if we could see that they had any application to the cases before us. The cases, it is true, primarily concern rates of charge for railroad interstate carriage haul. These should be reasonable, but what is a reasonable charge as between shipper and carrier has been committed to the trained judgment of the Interstate Commerce Commission. No shipper can recover for a charge as extortionate until the commission has first determined its character. All this is clear enough, but we do not see what this admitted truth has to do with the cases before us. The parties, it is again true, happen to be railroad carriers engaged in interstate commerce, and the moneys in controversy happen to have been earned in this service. Neither shippers nor the public have any interest in or concern with the questions before the court. The commission, it is again true, might have made a finding which would probably have disposed of the present controversy, but it did not do so. The case is the simple one of a party having received moneys for the use of himself and others, and the question is the likewise simple one of whether he should account to the others for what he received. We have held that he should, but have likewise held that the share of one cannot be determined without determining the shares of the other, and that each has an interest in the question of what is the share of each of the others, and consequently that all are necessary parties.

To bring the question from the abstract to the concrete, the service performed was a haul of citrous fruits from Florida to delivery points in the Northern States. A number of railroads, which we will call five, participated in order in the carriage, making of it one continuous haul. Viewing it under the figure of a chain, each carrier represents a link. The last link at the delivery end was the Pennsylvania Railroad. Because of a convenience so great as to be imperative, the Pennsylvania Company collected for the whole haul. Should it account to the other carriers for their shares? Of course, it did not deny this

obligation, and for a time did account under an agreed division of the total charge. There was, however, a period during which there was no agreement and the bill is for an accounting for this period. We repeat the ruling before made that the accounting must be made.

Under leave to amend the plaintiff has brought in all the parties to the haul except the Richmond, Fredericksburg & Potomac Railroad Company in the suit in which the Atlantic Coast Line is the plaintiff and the additional proceedings named have been brought. The omission of the omitted company is sought to be justified by the averment that it has no part in the fund to be accounted for as it has accepted its agreed share, and is in consequence not a necessary party; that it is without the jurisdiction of the court; and that making it a party might oust the jurisdiction of the court.

The Pennsylvania Railroad Company has moved to dismiss the Atlantic Coast Line bill on the grounds before discussed and what may be called the new ground of the nonjoinder above mentioned. The Southern Railroad intervened as a party plaintiff. The Pennsylvania Company has moved to dismiss the bill of the intervener on what are in effect the like grounds set forth in the Atlantic Coast Line Case.

The only new ground set forth in the Seaboard Case is that of a misjoinder under Equity Rule 37 (28 USCA, following section 723). This is likewise true of the motion in the Tavaras Case.

We see no need to follow counsel for defendant in their very interesting and forceful discussion of what may be called the substantial grounds for the motion to dismiss, because we have already fully considered them. We think the Atlantic Coast Line bill on its present averments has brought in all necessary parties. The averment is that the omitted railroad has no interest in the fund for which the Pennsylvania Railroad Company is asked to account. The bill, moreover, complies with Equity Rule 25 (28 USCA, following section 723).

We do not think Equity Rule 37 (28 USCA, following section 723) applies. These several carriers can in no real sense be said to have "a united interest" in the moneys collected by the defendant. On the contrary, each has an interest opposed to the others in the sense that the more it gets the less the others get. The fund is a common fund and the share of each affects the shares of the others. In this sense they are all necessary parties to the distribution of the fund.

We have so held, and of course we adhere to it as the law of this case; but it may well be that as the receiver of moneys, received for the use of himself and others, is a trustee for the others and bound to account to each, any one of them may maintain a bill in his own name against his trustee for an accounting.

The motions to dismiss are denied.

Since writing the above, we have been favored with the very full and enlightening opinion of Judge Chestnut in the case of Atlantic Coast Line R. Co. v. Baltimore & O. R. Co. (D.C.) 12 F.Supp. 711, a like case to this in which there was a like motion to dismiss, which was disposed of as we have disposed of this.